GREGORY J. NEWMAN (SBN 169057)
gnewman@selmanlaw.com
HEE SUNG YOON (SBN 251612)
hyoon@selmanlaw.com
SELMAN BREITMAN LLP
11766 Wilshire Blvd., Sixth Floor
Los Angeles, CA 90025-6546
Telephone: 310.445.0800
Facsimile: 310.473.2525

Attorneys for Defendant ALLIED WORLD SURPLUS LINES INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| CALIFORNIA SPECIALTY INSULATION, INC., | Case No. 2:21-cv-02542-CAS-JPR |
|---|---|
| Plaintiff, | Judge:   Hon. Christina A. Snyder |
| v. | **ALLIED WORLD SURPLUS LINES INSURANCE COMPANY'S ANSWER TO COMPLAINT** |
| ALLIED WORLD SURPLUS LINES INSURANCE COMPANY, and DOES 1 THROUGH 10, inclusive, | |
| Defendant. | |

COMES NOW ALLIED WORLD SURPLUS LINES INSURANCE COMPANY ("Allied World") for itself alone and for no other, answers the Complaint of CALIFORNIA SPECIALTY INSULATION, INC. ("CSI" or "Plaintiff").

1.  In answering paragraph 1 of the Complaint, Allied World lacks sufficient personal knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

2. In answering paragraph 2 of the Complaint, Allied World denies that it is a Delaware corporation. Allied World admits that it is authorized to transact business as a surplus lines insurance company in the state of California.

3. In answering paragraph 3 of the Complaint, Allied World lacks sufficient personal knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

4. In answering paragraph 4 of the Complaint, Allied World admits that it issued commercial general liability policy number 5057-0295, effective December 17, 2016 to December 17, 2017, to CSI (the "Policy"). The terms of the Policy speak for themselves.

5. In answering paragraph 5 of the Complaint, Allied World admits that CSI was named as a defendant in an underlying third-party action entitled *Jason Standiford v. California Specialty Insulation, Inc., et al.*, Los Angeles Superior Court Case No. 19STCV36103 (the "Underlying Action"). The allegations asserted in the complaint in the Underlying Action speak for themselves.

6. In answering paragraph 6 of the Complaint, Allied World admits that it was tendered a pre-litigation claim asserted by Jason Standiford, and received notice that a complaint was eventually filed.

7. In answering paragraph 7 of the Complaint, Allied World admits that in order to protect the rights and interests of its insured, Allied World initially retained Lewis Brisbois to defend CSI in the Underlying Action while it was still conducting its investigation whether coverage for the Underlying Action was owed.

8. In answering paragraph 8 of the Complaint, Allied World admits that after it completed its investigation, it withdrew from the defense of CSI in the Underlying Action.

9. In answering paragraph 9 of the Complaint, Allied World admits the allegations contained therein.

10. In answering paragraph 10 of the Complaint, Allied World lacks sufficient personal knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained therein.

11. In answering paragraph 11 of the Complaint, Allied world admits that it contends that it has no duty to defend or indemnify CSI for the claims asserted in the Underlying Action.

12. In answering paragraph 12 of the Complaint, Allied World denies each and every allegation therein.

13. In answering paragraph 13 of the Complaint, Allied World admits that CSI is seeking a judicial determination regarding Allied World's duty to defend and indemnify CSI in the Underlying Action. Allied World denies that CSI is entitled to the relief that it seeks.

## PRAYER FOR RELIEF

1-4. Allied World admits that CSI is seeking the relief requested in the prayer of the Complaint, but denies that CSI is entitled to any of the relief sought against Allied World.

## AFFIRMATIVE DEFENSES

In addition to the foregoing, Allied World asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(Statutes of Limitation)

The Complaint is barred, in whole or in part, by the statute of limitations set forth in California Code of Civil Procedure §§ 337, 338(l), 339(l), 340(l) and 340(3) and by California law regarding the statute of limitations for contribution, indemnity and breach of contract.

### THIRD AFFIRMATIVE DEFENSE

(Failure to Perform Obligations)

The Complaint is barred because CSI failed to perform its obligations under the terms of the Policy, thereby excusing Allied World's performance thereunder.

### FOURTH AFFIRMATIVE DEFENSE

(Policy Terms - Omnibus)

The Complaint is barred in whole or in part by the terms, conditions, limitations and exclusions contained within the Policy.

### FIFTH AFFIRMATIVE DEFENSE

(No "Occurrence")

The Complaint is barred to the extent the events giving rise to the allegations in the Underlying Action do not constitute an "occurrence" as defined in the Policy.

### SIXTH AFFIRMATIVE DEFENSE

(Estoppel)

The Complaint is barred by the doctrine of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

The Complaint is barred by the unclean hands of CSI.

### EIGHTH AFFIRMATIVE DEFENSE

(Waiver)

The Complaint is barred by the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE

(Laches)

The Complaint is barred by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

(Economic Loss)

The Complaint is barred to the extent the claims alleged arise from allegations of economic loss only.

## ELEVENTH AFFIRMATIVE DEFENSE

(Violation of Law / Public Policy)

The Complaint is barred to the extent that CSI's acts or failure(s) to act, which gave rise to the conditions and/or claims referenced in the Complaint and/or the Underlying Action were in violation of law and/or public policy.

## TWELFTH AFFIRMATIVE DEFENSE

(Bodily Injury During Policy Period Limitation)

The Complaint is barred to the extent Underlying Action seeks recovery of damages for "bodily injury" that did not occur during the period of the Policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Deductible)

The Complaint is barred to the extent the claims alleged are not in excess of the deductible(s) stated under the Policy.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Contractual Liability)

The Complaint is barred to the extent the Underlying Action sought recovery for liability that CSI assumed pursuant to contract, lease or any other agreement which is not explicitly covered by the Policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Secondary or Excess Obligations)

The Complaint is barred to the extent that Allied World's obligations are secondary and excess and that Allied World had no primary obligation to defend or indemnify CSI in the Underlying Action.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Limits of Liability)

The Policy contains various limits of liability, including but not limited to limits per claim and/or occurrence, per person and in the aggregate. In the event

Allied World is found to have/had a duty to defend and/or indemnify CSI in Underlying Action, which Allied World denies, said liability is restricted to the remaining and applicable limits of the Policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Other Insurance – Conditions Section)

The Complaint is barred in whole or in part by reason of other insurance pursuant to the "other insurance" provision in the Conditions section of the Policy.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Not Damages)

The Complaint is barred to the extent the Underlying Action sought sums associated with any claim for injunctive, restitutionary or equitable relief, as they do not constitute claims for "damages" within the meaning of the Policy.

## NINETEENTH AFFIRMATIVE DEFENSE

(Insurance Code)

The Complaint is barred in whole or in part by California Insurance Code §§22 and 250.

## TWENTIETH AFFIRMATIVE DEFENSE

(Non-Contingent Claim)

The Complaint is barred to the extent it seeks recovery of sums incurred for liability arising from an event, act, occurrence, loss or claim that was not fortuitous, was in progress, or was not contingent at or before the time the Policy was issued.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Known Losses)

The Complaint is barred in whole or in part to the extent the claims alleged in the Underlying Action constituted known losses at the time the Policy incepted.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(Failure to Disclose)

The Complaint is barred to the extent that any insured misrepresented, concealed or failed to disclose facts or other information relevant to the issuance or renewal of the Policy.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
(Cooperation Clause)

The Complaint is barred to the extent that CSI failed to comply with the assistance and cooperation clause contained in the Policy.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
(Intentional Acts)

The Complaint is barred to the extent any bodily injury or property damage was caused intentionally or at the direction of any insured under the Policy.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

The Complaint is barred to the extent that CSI failed to act reasonably on their own behalf to minimize, avoid or otherwise mitigate damages.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
(No Trigger)

The Complaint is barred as the plaintiff in the Underlying Action failed to allege facts sufficient to trigger any duty by Allied World to defend and/or indemnify CSI for any of the claims alleged in the Underlying Action.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
(Fines / Punitives)

The Complaint is barred to the extent it seeks recovery of costs associated with statutory violations, criminal fines or sanctions, civil fines or sanctions or other penalties, including punitive and/or exemplary damages.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Workers Compensation Exclusion)

The Complaint is barred to the extent the Underlying Action seeks recovery of sums associated with claims based upon or arising out of any obligation of the insured under a worker's compensation, disability benefits or unemployment compensation law or any similar law.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Employer's Liability Exclusion)

The Complaint is barred to the extent the Underlying Action seeks recovery of sums associated with bodily injury to an employee of the insured arising out of the course of employment of the insured or performing duties related to the conduct of the insured's business.

### THIRTIETH AFFIRMATIVE DEFENSE

(Bodily Injury to Any Employee or Temporary Worker of Contractors Exclusion)

The Complaint is barred as the claims alleged in the Underlying Action is barred by the "Exclusion – Bodily Injury to Any Employee or Temporary Worker of Contractors" contained in the Policy, which provides in pertinent part:

It is agreed that this policy is amended as follows:

The following exclusion is added to Paragraph 2., Exclusions of Section I – Coverages, Coverage A – Bodily Injury and Property Damage Liability, Paragraph 2., Exclusions of Section I – Coverages, Coverage B – Personal and Advertising Injury Liability, and Section I – Coverages, Coverage C – Medical Payments:

This insurance does not apply to:

(1) "Bodily injury" or "personal and advertising injury" to any "employee" or "temporary worker" of any contractor of subcontractor arising out of or in the course of rendering or performing services of any kind or nature by such contractor or subcontractor;

(2) Any obligation, including contractual liability, of any insured to indemnify, or contribute with, another person or organization because of damages arising out of such "bodily injury" or "personal and advertising injury" described in paragraph 1.

above; or

(3) "Bodily injury" or "personal and advertising injury" sustained by the spouse, child, parent, brother or sister of any "employee" or "temporary worker" of any contractor or subcontractor as a consequence of paragraph (1) above.

All other terms, conditions and exclusions under the policy are applicable to this endorsement and remain unchanged.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(Reservation of Rights)

Allied World reserves the right to amend this pleading at the conclusion of discovery to reflect additional affirmative defenses available to it as revealed through discovery.

## PRAYER FOR RELIEF

Wherefore, Allied World prays that:

1. the Court issue a judicial declaration that Allied World has no duty to defend or indemnify CSI in the Underlying Action.

2. Allied World be awarded its costs of suit incurred herein;

3. The Court grant such other relief as it deems just and proper.

Dated: March 25, 2021

SELMAN BREITMAN LLP

By: /s/ Gregory J. Newman
GREGORY J. NEWMAN
HEE SUNG YOON
Attorneys for Defendant ALLIED WORLD SURPLUS LINES INSURANCE COMPANY