| | | | |
|---|---|---|---|
| **CIVIL MINUTES – GENERAL** | | JS-6 | 'O' |
| Case No. | 2:21-CV-02542-CAS-JPRx | Date | June 7, 2021 |
| Title | CALIFORNIA SPECIALTY INSULATION, INC. v. ALLIED WORLD SURPLUS LINES INSURANCE COMPANY | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) - NOTICE OF MOTION AND MOTION TO REMAND (Dkt. 12, filed on April 21, 2021)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

## I.    INTRODUCTION

On February 22, 2021, plaintiff California Specialty Insulation, Inc. ("CSI") filed suit in the Los Angeles County Superior Court against defendant Allied World Surplus Lines Insurance Company ("Allied World") and Does 1 through 10. Dkt. 4 ("Compl."). The complaint seeks a judicial declaration that Allied World has a duty to defend and indemnify CSI under the terms of an insurance policy CSI purchased from Allied World. Id. at 3.

On March 22, 2021, Allied World removed the case to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a). Dkt. 1 ("Not. of Removal"). CSI filed the instant motion to remand on April 21, 2021. Dkt. 12 ("Mot."). Allied World opposed on May 3, 2021, dkt. 13 ("Opp."), and CSI replied on May 10, 2021, dkt. 14 ("Reply").[1]

---

[1] Allied World filed a request for judicial notice, dkt. 13-1 ("RJN"), in which it requests that this Court judicially notice several court filings relating to a case pending in the Los Angeles County Superior Court, see Fed. R. Evid. 201. The Court finds judicial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  JS-6  'O'

| Case No. | 2:21-CV-02542-CAS-JPRx | Date | June 7, 2021 |
|---|---|---|---|
| Title | CALIFORNIA SPECIALTY INSULATION, INC. v. ALLIED WORLD SURPLUS LINES INSURANCE COMPANY | | |

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

CSI purchased a commercial general liability insurance policy from Allied World, Policy No. 5057-0295 ("Policy"), which was effective from December 17, 2016, to December 17, 2017. Id. ¶ 4; see dkt. 4, Exh. A. CSI alleges that, under the Policy, Allied World must indemnify CSI for liability arising for "bodily injury" or "property damage," and that Allied World must "defend the insured against any 'suit' seeking those damages." Compl. ¶ 4.

On October 9, 2019, Jason Standiford brought suit in the Superior Court of Los Angeles County against CSI in a case entitled Jason Standiford v. California Specialty Insulation, Inc., et al., No. 19STCV36103 ("Underlying Action"). Id. ¶ 5; see dkt. 4, Exh. B (complaint in Underlying Action). Standiford sought to recover damages for physical injuries sustained on October 10, 2017, when an employee of CSI's drove a scissor lift into a ladder on which Standiford was working, causing him to fall 16 to 20 feet. Dkt. 4, Exh. B at 85. Standiford alleges the fall caused him to lose consciousness and suffer a concussion, fractured skull above the right eye, and injuries to both shoulders, neck and right wrist. Id.

CSI tendered its defense to Allied World. Compl. ¶ 6. According to CSI, Allied World initially accepted the defense without reserving any rights under the Policy, and retained, through its third-party claims administrator Network Adjusters, Inc., the law firm Lewis Brisbois. Id. ¶ 7. Lewis Brisbois filed an answer in the Underlying Action on November 12, 2019. Id.

---

notice is appropriate, and **GRANTS** Allied World's request. See Trigueros v. Adams, 658 F.3d 983, 987 (9th Cir. 2011) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system" (quotation omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  JS-6  'O'

| Case No. | 2:21-CV-02542-CAS-JPRx | Date | June 7, 2021 |
|---|---|---|---|
| Title | CALIFORNIA SPECIALTY INSULATION, INC. v. ALLIED WORLD SURPLUS LINES INSURANCE COMPANY | | |

CSI alleges that Allied World then withdrew its defense and disclaimed coverage under the Policy, pointing to an endorsement entitled "Bodily Injury to any Employee or Temporary Workers of Contractors Exclusion." Id. ¶ 8.

On June 30, 2020, CSI filed a cross-complaint in the Underlying Action alleging one cause of action for declaratory relief against Allied World, arguing that Allied World had a duty to defend and indemnify in that action. RJN, Exh. 2. The Superior Court sustained without leave to amend Allied World's demurrer to the cross-complaint on the grounds that, under California law, "[a] personal injury action against an insured, and the insured's action against its insurer, cannot proceed in the same action." RJN, Exh. 3 at 1 (citation omitted). CSI filed a new action seeking declaratory relief pursuant to Cal. Civ. Proc. Code § 1060, separate and apart from the Underlying Action. See Compl. Specifically, CSI seeks a declaratory judgment that Allied World has a duty to defend CSI in the Underlying Action, and a duty to indemnify CSI. Id. at 3. CSI served Allied World on March 3, 2021. Not. of Removal ¶ 2.

### III. LEGAL STANDARD

The Federal Declaratory Judgment Act, 28 U.S.C. § 2122(a), confers upon the district courts the power to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." However, "[t]he exercise of jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), is committed to the sound discretion of the federal district courts." Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800, 802 (9th Cir. 2002) (citations omitted). "Even if the district court has subject matter jurisdiction, it is not required to exercise its authority to hear the case." Id. (citation omitted). There is no presumption either in favor or against a district court's exercise of jurisdiction under the Declaratory Judgment Act. Id. at 804.

In determining whether or not to exercise jurisdiction, "[t]he district court must first inquire whether there is an actual case or controversy within its jurisdiction. [Citation.] Second, if the court finds that an actual case or controversy exists, the court must decide whether to exercise its jurisdiction by analyzing the factors set out in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942), and its progeny." Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　　　JS-6　'O'

| Case No. | 2:21-CV-02542-CAS-JPRx | Date | June 7, 2021 |
|---|---|---|---|
| Title | CALIFORNIA SPECIALTY INSULATION, INC. v. ALLIED WORLD SURPLUS LINES INSURANCE COMPANY | | |

## IV. DISCUSSION

### A. Actual Case or Controversy

The requirement that a case or controversy exist under the Declaratory Judgment Act is "identical to Article III's constitutional case or controversy requirement." American States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir. 1994). Generally speaking, "a dispute between an insurer and its insured over the duties to defend and indemnify satisfies [the case or controversy] requirement for purposes of the Declaratory Judgment Act[.]" Am. Nat. Fire Ins. Co. v. Hungerford, 53 F.3d 1012, 1015–16 (9th Cir. 1995), overruled in part on other grounds by Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998).[2]

Here, the parties do not dispute whether there is an actual case or controversy, and indeed it appears there is. CSI argues that Allied World has a duty to defend it in the Underlying Action, and Allied World is refusing to do so. The Court therefore turns to the Brillhart factors.

### B. Pending State Action

Allied World argues that there is no parallel state court proceeding, nor the potential for one, as CSI cannot join Allied World in the Underlying Action. Opp. at 3–5. According to Allied World, it would be an abuse of discretion, then, for the Court to decline to exercise jurisdiction here. Id. at 3.

However, the Ninth Circuit has rejected this argument, instead holding that "there are other balancing factors the district court must weigh." Huth, 298 F.3d at 802–03 (finding no abuse of discretion where district court declined to exercise jurisdiction despite absence of pending state court proceeding). It is not dispositive that resolution of the claim

---

[2] Several cases cited in this order were overruled in part by Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220 (9th Cir. 1998). However, "the Dizol court explicitly limited its holding. It held only that a district court need not decide *sua sponte* whether jurisdiction under § 2201(a) should be declined, and that the appellate court need not decide *sua sponte* whether the district court abused its discretion in exercising discretionary jurisdiction." Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800, 803 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  JS-6  'O'

| Case No. | 2:21-CV-02542-CAS-JPRx | Date | June 7, 2021 |
|---|---|---|---|
| Title | CALIFORNIA SPECIALTY INSULATION, INC. v. ALLIED WORLD SURPLUS LINES INSURANCE COMPANY | | |

for declaratory relief is not available in an existing state court proceeding. See Polido v. State Farm Mut. Auto Ins. Co., 110 F.3d 1418, 1423 (9th Cir. 1996) ("[D]ifferences in factual and legal issues between the state and federal court proceedings are not dispositive because the insurer could have presented the issues that it brought to federal court *in a separate action* to the same court that will decide the underlying tort action." (emphasis added)); State Farm Mut. Auto. Ins. Co. v. Marentes, No. 15-cv-02289-LHK, 2015 WL 6955012, at *7 (N.D. Cal. Nov. 10, 2015) ("State Farm could have and should have raised its claims [for declaratory relief] in state court, whether in the State Court Action itself . . . *or in a separate suit* in state court." (emphasis added)). As such, the absence of a parallel state court proceeding does not prevent the Court from declining to exercise jurisdiction.[3]

### C. Brillhart Factors

"Brillhart sets forth the primary factors for consideration" in determining whether to exercise jurisdiction under the Declarator Judgment Act. Huth, 298 F.3d at 803. The Brillhart factors state: "[1] The district court should avoid needless determination of state law issues; [2] it should discourage litigants from filing declaratory actions as a means of forum shopping; and [3] it should avoid duplicative litigation." Dizol, 133 F.3d at 1225 (citation omitted).

#### 1. Determination of State Law Issues

The first Brillhart factor instructs district courts to "avoid needless determination of state law issues[.]" Id. CSI argues that this case requires the Court to apply California's insurance law. Mot. at 9. Allied World responds that, although that is the case, it is not a

---

[3] Additionally, the Court notes, without deciding, that the Underlying Action may constitute a parallel state court proceeding. When determining whether a state court proceeding is "parallel" or "related," "[i]t is enough that the state proceedings arise from the same factual circumstances." Golden Eagle Ins. Co. v. Travelers Companies, 103 F.3d 750, 755 (9th Cir. 1996), overruled in part on other grounds by Dizol, 133 F.3d 1220. Here, the Underlying Action and this action arise from the same factual circumstances, namely, the circumstances around Standiford's injury and their implications for CSI's insurance coverage.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        JS-6   'O'

| Case No. | 2:21-CV-02542-CAS-JPRx | Date | June 7, 2021 |
|---|---|---|---|
| Title | CALIFORNIA SPECIALTY INSULATION, INC. v. ALLIED WORLD SURPLUS LINES INSURANCE COMPANY | | |

*needless* determination of state law issues because there is no parallel state court proceeding in which the same issues will be decided. Opp. at 1, 6.

Resolution of the instant case will require the Court to resolve substantive questions of California insurance law. See Continental Cas. Co, v. Robsac Indus., 947 F.2d 1367, 1371 (9th Cir. 1991) (noting that "California has established a complex scheme of insurance regulation" and that "the federal court could have avoided a needless determination of state law by not exercising its jurisdiction"), overruled in part on other grounds by Dizol, 133 F.3d 1220. In fact, only state law is at issue.

Allied World's reading of this Brillhart factor is too narrow. A district court's determination of a state law issue may be needless when it *could* be determined by a state court, not only when it *will* be determined by a state court in some other pending action. See R.R. St. & Co. Inc. v. Transp. Ins. Co., 656 F.3d 966, 975 (9th Cir. 2011) (characterizing Huth, 298 F.3d 800, as "affirming remand of a declaratory judgment action to avoid needless determination of state law issues even in the absence of a similar state court proceeding"). As such, this factor weighs in favor of remand.

    2.    Forum Shopping

The second Brillhart factor instructs courts to "discourage litigants from filing declaratory actions as a means of forum shopping[.]" Dizol, 133 F.3d at 1225 (citation omitted). CSI argues that Allied World removed this case "because it perceives a tactical advantage" of litigating in a federal forum, and that a removal of a declaratory relief action which seeks a coverage determination between an insurer and its insured "is an archetype" of "reactive litigation." Mot. at 10 (citing Financial Indem. Co. v. Brooks, No. 2:15-cv-06318-CAS, 2016 WL 626736, at *7–8 (C.D. Cal. Feb. 16, 2016)). Allied World responds that CSI mischaracterizes the ruling in Brooks, and points out that it did not file a reactive declaratory relief action—in fact, it was CSI that filed the declaratory relief action. Opp. at 7. This case, according to Allied World, is nothing more than an out-of-state defendant seeking removal pursuant to 28 U.S.C. § 1441. Id.

This is not archetypical reactive litigation because, as Allied World points out, it did not file for declaratory relief. See Robsac, 947 F.2d at 1372 ("A declaratory judgment action *by an insurance company against its insured* during the pendency of a non-removable state court action presenting the same issues of state law is an archetype of what

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  JS-6  'O'

| Case No. | 2:21-CV-02542-CAS-JPRx | Date | June 7, 2021 |
|---|---|---|---|
| Title | CALIFORNIA SPECIALTY INSULATION, INC. v. ALLIED WORLD SURPLUS LINES INSURANCE COMPANY | | |

we have termed 'reactive' litigation." (citation omitted, emphasis added)). Instead, it appears "[CSI] merely prefer[s] state resolution while [Allied World] prefer[s] federal resolution." Huth, 298 F.3d at 804. As such, this factor favors neither party. See id.

### 3. Duplicative Litigation

The third Brillhart factor instructs courts to "avoid duplicative litigation." Dizol, 133 F.3d at 1225 (citation omitted). CSI argues that remand would avoid duplicative litigation because there is a clear state court procedural vehicle available for the adjudication of the coverage issue in dispute here, namely Cal. Civ. Proc. Code § 1060, under which CSI brought this action. Mot. at 11. Allied World responds that, because there is no parallel state court proceeding in which the coverage issue will or even could be litigated, there is no threat of duplicative litigation. Opp. at 8. Allied World adds that, if CSI's position were adopted, declaratory relief actions could never be removed to federal court. Id.

This case "will be disposed of entirely either in state or federal court," depending on whether the Court accepts or declines jurisdiction. Huth, 298 F.3d at 803–04. As such, and in the absence of a presumption either for or against exercising jurisdiction, this factor favors neither party. See id. at 804.

Accordingly, the first Brillhart factor weighs in favor of remand, while the second and third are neutral.

### D. Additional Factors

In addition to the Brillhart factors, the Ninth Circuit has provided several other factors a district court may consider in deciding whether to exercise jurisdiction:

> [W]hether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations in issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  JS-6  'O'

| Case No. | 2:21-CV-02542-CAS-JPRx | Date | June 7, 2021 |
|---|---|---|---|
| Title | CALIFORNIA SPECIALTY INSULATION, INC. v. ALLIED WORLD SURPLUS LINES INSURANCE COMPANY | | |

Dizol, 133 F.3d at 1225 n.5 (quotation omitted).

CSI argues that allowing this declaratory judgment action to proceed in this Court will entangle these proceedings with the Underlying Action. Mot. at 13. Allied World responds that CSI has failed to explain how proceeding with this action in federal court would entangle the Underlying Action, while proceeding with it in state court would not. Opp. at 9. Allied World adds that fairness requires the Court to exercise jurisdiction because it has a right to remove the case as an out-of-state defendant. Id. at 8–9.

On balance, the factors weigh against exercising jurisdiction. On the one hand, as noted above, this is not a case where an insurer reactively filed a motion for declaratory relief in federal court, so concerns about procedural fencing are minimized. But on the other hand, hearing the declaratory relief action in this Court would entangle the federal and state court systems because this action and the Underlying Action arise from the same factual circumstances. See Marentes, 2015 WL 6955012, at *7 ("Allowing State Farm to proceed in federal court would entangle the instant action with litigation already occurring in state court."). (In any event, the question is whether assuming jurisdiction will entangle the federal and state court "systems," not necessarily a specific case.) And it weighs against removal that CSI would have to litigate in both federal and state court over "what is quintessentially a state law question already being litigated in state court." Id.

In sum, "practicality and wise judicial administration considerations generally counsel against the exercise of federal-court jurisdiction over claims for declaratory relief that involve only state law questions and are brought during the pendency of a related state court proceeding. Certainly that is the case with insurance coverage disputes." Golden Eagle Ins. Co. v. Travelers Companies, 103 F.3d 750, 754 (9th Cir. 1996) (quotation omitted), overruled in part on other grounds by Dizol, 133 F.3d 1220. Indeed, "[i]n prior cases, [the Ninth Circuit] ha[s] recognized that needless determination of state law issues alone may support remand." R.R. St., 656 F.3d at 975 (citing Huth, 298 F.3d at 802–04). Accordingly, the Court finds that it is within its discretion to decline jurisdiction over the instant case.

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  JS-6  'O'

| Case No. | 2:21-CV-02542-CAS-JPRx | Date | June 7, 2021 |
|---|---|---|---|
| Title | CALIFORNIA SPECIALTY INSULATION, INC. v. ALLIED WORLD SURPLUS LINES INSURANCE COMPANY | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion to remand, and **REMANDS** this action to the Superior Court.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |