UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-02542-CAS-JPRx | Date | July 19, 2021 |
|---|---|---|---|
| Title | CALIFORNIA SPECIALTY INSULATION, INC. v. ALLIED WORLD SURPLUS LINES INSURANCE COMPANY | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Karen Adelman   Hee Sung Yoon

**Proceedings:** ALLIED WORLD SURPLUS LINES INSURANCE COMPANY'S MOTION TO STAY REMAND ORDER PENDING APPEAL (Dkt. 19, filed on June 17, 2021)

## I. INTRODUCTION AND BACKGROUND

On February 22, 2021, plaintiff California Specialty Insulation, Inc. ("CSI") filed suit in the Los Angeles County Superior Court against defendant Allied World Surplus Lines Insurance Company ("Allied World") and Does 1 through 10. Dkt. 4 ("Compl."). The complaint seeks a judicial declaration that Allied World has a duty to defend and indemnify CSI under the terms of an insurance policy CSI purchased from Allied World ("Policy"). Id. at 3. Specifically, CSI is seeking to enforce Allied World's duty to defend in a personal injury suit proceeding in the Superior Court. See Jason Standiford v. California Specialty Insulation, Inc., et al., No. 19STCV36103 ("Underlying Action").

On March 22, 2021, Allied World removed the case to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a). Dkt. 1. CSI, on April 21, 2021, filed a motion to remand. Dkt. 12 ("Mot."). CSI argued that the Court should exercise its discretion, afforded by the Federal Declaratory Judgment Act, 28 U.S.C. § 2122(a), to decline jurisdiction over this case. The Court applied the factors set out in Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942), as well as additional factors considered by courts in this circuit, see Dizol, 133 F.3d at 1225 n.5, to determine whether to exercise jurisdiction. See dkt. 16 ("Remand Ord.").

The Brillhart factors state: "[1] The district court should avoid needless determination of state law issues; [2] it should discourage litigants from filing declaratory

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:21-CV-02542-CAS-JPRx | Date | July 19, 2021 |
|---|---|---|---|
| Title | CALIFORNIA SPECIALTY INSULATION, INC. v. ALLIED WORLD SURPLUS LINES INSURANCE COMPANY | | |

actions as a means of forum shopping; and [3] it should avoid duplicative litigation." Dizol, 133 F.3d at 1225 (citation omitted). Relevant here, Allied World argued that accepting jurisdiction would not result in "needless" determination of state law issues because the coverage dispute at issue here was not and could not be at issue in the Underlying Action. The Court concluded that "the first Brillhart factor weigh[ed] in favor of remand, while the second and third [were] neutral." Remand Ord. at 7. Based on this conclusion as well as the conclusion that additional factors weighed in favor of remand, the Court granted CSI's motion on June 7, 2021. Remand Ord. at 8, 9. In so doing, the Court followed the guidance of Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800, 802 (9th Cir. 2002), which upheld a district court's order remanding a case where there was no current state-court proceeding and where only the first Brillhart factor favored remand.

On June 17, 2021, Allied World appealed. Dkt. 18; see California Specialty Insulation, Inc. v. Allied World Surplus Lines Ins. Co., No. 21-55648. The Ninth Circuit has since issued a scheduling notice ordering that Allied World's opening brief be filed by August 16, 2021, and CSI's opposition be filed by September 15, 2021, with an optional reply due 21 days after the filing of the opposition. Dkt. 20.

Also on June 17, 2021, Allied World filed the instant motion to stay the Remand Order pending its appeal of that order. Dkt. 19 ("Mot."). CSI opposed on June 28, 2021, dkt. 22 ("Opp."), and Allied World replied on July 1, 2021, dkt. 23 ("Reply").[1] The Court held a hearing on July 19, 2021.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.     LEGAL STANDARD

A request for a stay pending appeal is committed to the discretion of the court, "even if irreparable injury might otherwise result." Nken v. Holder, 556 U.S. 418, 433 (2009) (quotation omitted). Accordingly, the party requesting a stay pending appeal "bears the burden of showing that the circumstances justify an exercise of that discretion." Id. at 433–

---

[1] The Clerk of Court issued a letter of transmittal to the Superior Court on June 9, 2021. Dkt. 21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:21-CV-02542-CAS-JPRx | Date | July 19, 2021 |
|---|---|---|---|
| Title | CALIFORNIA SPECIALTY INSULATION, INC. v. ALLIED WORLD SURPLUS LINES INSURANCE COMPANY | | |

34. In considering whether to exercise its discretion to enter a stay pending appeal, a court applies the four-part standard set forth by the Supreme Court in Nken: "(1) whether the movant has made a strong showing of the likelihood of success on the merits; (2) whether the movant is likely to be irreparably injured absent a stay during the pendency of the appeal; (3) whether a stay will substantially injure other parties; and (4) where the public interest lies." Leiva-Perez v. Holder, 640 F.3d 962, 964 (9th Cir. 2011) (quoting Nken, 556 U.S. at 434).

In this analysis, "[t]he first two factors . . . are the most critical." Nken, 556 U.S. at 434. Nevertheless, a motion for stay pending appeal is subject to the same "sliding scale" approach that applies to a motion for a preliminary injunction. Al Otro Lado v. Wolf, 952 F.3d 999, 1007 (9th Cir. 2020). Pursuant to that approach, "a stronger showing of one element may offset a weaker showing of another." Id. (quotation omitted). The Ninth Circuit has explained the two ends of this spectrum as requiring the moving party to either (1) show "a probability of success on the merits and the possibility of irreparable injury," or, "[a]t the other end of the continuum," (2) "demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor." Golden Gate Rest. Ass'n v. City & Cty. of San Francisco, 512 F.3d 1112, 1115–16 (9th Cir. 2008) (citations and quotations omitted); see Leiva-Perez, 640 F.3d at 965–66.

### III. DISCUSSION

Allied World argues that a stay is appropriate because Allied World "raises serious legal questions" on appeal, it will be irreparably harmed if a stay is not granted while CSI will suffer no prejudice, and a stay would serve the public interest by conserving judicial resources. Mot. at 3, 7–8. CSI responds that Allied World's appeal and effort to stay remand to the Superior Court amount to a dilatory tactic in an effort to frustrate CSI's attempt to enforce the Policy. Opp. at 2.

#### A. Likelihood of Success on the Merits

An applicant for a stay pending appeal must make "a strong showing that he is likely to succeed on the merits." Nken, 556 U.S. at 434. On the one hand, "to justify a stay, [an applicant] need not demonstrate that it is more likely than not that [it] will win on the merits," Leiva-Perez, 640 F.3d at 966, but, on the other hand, "[i]t is not enough that the chance of success on the merits be 'better than negligible,'" and "[m]ore than a mere 'possibility' of relief is required," Nken, 556 U.S. at 434 (citations omitted, second

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-02542-CAS-JPRx | Date | July 19, 2021 |
|---|---|---|---|
| Title | CALIFORNIA SPECIALTY INSULATION, INC. v. ALLIED WORLD SURPLUS LINES INSURANCE COMPANY | | |

alteration in original). Finally, as noted above, in certain circumstances an applicant for a stay may prevail even by "demonstrat[ing] that serious legal questions are raised . . . ." Golden Gate Rest. Ass'n, 512 F.3d at 1115–16 (citations and quotations omitted).

Allied World argues that the Court's application of the Brillhart factors constitutes an abuse of discretion because, according to Allied World, the Court's application of the factors would inevitably weigh in favor of remanding all declaratory relief actions removed by reason of diversity jurisdiction. Mot. at 6. And, as Allied World argues, "no court has stated that declaratory relief actions brought under diversity jurisdiction do not belong in federal court in all circumstances." Id. According to Allied World, this satisfies the likelihood of success on the merits requirement in that it raises a "serious legal question" regarding the outer limits of a court's discretion to remand under the Declaratory Judgment Act. Reply at 1–2. CSI responds that Allied World has failed to show a strong likelihood of success on the merits of its appeal because it simply reiterates the arguments it raised before this Court in opposition to CSI's motion to remand. Opp. at 4.

As noted in the Court's previous order, the material facts in Huth parallel those in this case, and the Ninth Circuit there upheld the district court's order remanding the case. In fact, the district court in Huth applied each Brillhart factor in the same way as this Court did in its remand order. It therefore appears Allied World is not likely to prevail on the merits of its appeal. See Countrywide Home Loans, Inc., v. Mortg. Guar. Ins. Corp., No. C 10-00233 JSW, 2010 WL 1838656, at *2 (N.D. Cal. May 4, 2010) (finding applicant failed to demonstrate likelihood of the success on the merits because "district courts have broad discretion whether to exercise their jurisdiction pursuant to the Declaratory Judgment Act," and citing Huth).

Furthermore, it does not appear Allied World raises a serious legal question. In its Reply, Allied World raised the argument that Huth conflicts with another Ninth Circuit case, American Casualty Co. of Reading, Pennsylvania v. Krieger, 181 F.3d 1113, 1115 (9th Cir. 1999), on the question of "whether 'avoiding the needless determination of state law' requires that a state court *will* decide an issue because there is a parallel state court proceeding, as opposed to *could* decide an issue." Reply at 4 (emphasis added). In Huth, the court held that it was not an abuse of discretion for a district court to conclude that remand would avoid needless determination of state law issues despite the lack of an ongoing state court proceeding, 298 F.3d at 804, whereas in Krieger, the court held that it was not an abuse of discretion for a district court to determine that remand would *not* have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-CV-02542-CAS-JPRx | Date | July 19, 2021 |
|---|---|---|---|
| Title | CALIFORNIA SPECIALTY INSULATION, INC. v. ALLIED WORLD SURPLUS LINES INSURANCE COMPANY | | |

avoided needless determination of state law issues where a related state court proceeding had already concluded, 181 F.3d at 1119. These rulings do not appear to conflict. In each case, the district court exercised its discretion in concluding that, under the circumstances presented, remand would or would not avoid needless determination of state law issues. See id. at 1118 (acknowledging that "'facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within [the district courts'] grasp'" (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 2890 (1995)) (alteration in original)).

Indeed, the circumstances in the two cases differ markedly. In Huth, very little motions practice had taken place in the district court, and there was no independent state court proceeding involving the same parties. 298 F.3d at 802. In Krieger, by contrast, not only had several years of litigation among the same parties taken place—and reached a conclusion—in state court, but the parties had been litigating the declaratory relief action in the district court for over a year before the defendants challenged federal jurisdiction. 181 F. 3d at 1117, 1118–19. Furthermore, the federal proceedings in Huth involved only a claim for declaratory judgment, 298 F.3d at 802, whereas the federal proceedings in Krieger included several other claims, 181 F.3d at 1117. For these reasons, it is unclear that Huth and Krieger conflict, and therefore it is unclear that Allied World raises a serious legal question in its appeal. Nevertheless, the Court proceeds to the next factor in evaluating an application for a stay.

### B. Irreparable Injury Absent a Stay

"[A] stay may not issue" if the movant fails to carry its burden of showing that irreparable injury is likely to occur during the period before the appeal is decided. Leiva-Perez, 640 F.3d at 965 (citation omitted); see Al Otro Lado, 952 F.3d at 1007. A movant "must show that an irreparable injury is the more probable or likely outcome." Al Otro Lado, 952 F.3d at 1007 (quotation omitted).

Allied World argues that it will suffer irreparable harm absent a stay "because an intervening state court judgment could render [its] appeal meaningless." Mot. at 7. Allied World also contends the costs associated with litigating in state court and litigating the appeal to the Ninth Circuit would constitute irreparable harm. Id. CSI responds that Allied World has failed to establish that irreparable injury in the form of a ruling in the state court is more likely than not to occur because no trial date is set in the state court proceeding and the next case management conference is calendared for August 24, 2021. Opp. at 7; Reply

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:21-CV-02542-CAS-JPRx | Date | July 19, 2021 |
|---|---|---|---|
| Title | CALIFORNIA SPECIALTY INSULATION, INC. v. ALLIED WORLD SURPLUS LINES INSURANCE COMPANY | | |

at 6. Furthermore, as to the cost of litigating the state court case pending this appeal, CSI argues this is not "irreparable" injury as a matter of law. Id.

As an initial matter, "nearly all courts 'have concluded that incurring litigation expenses does not amount to an irreparable harm.'" Mohamed v. Uber Techs., et al, 115 F. Supp. 3d 1024, 1032–33 (N.D. Cal. 2015) (quoting Guifu Li v. A Perfect Franchise, Inc., No. 5:10-cv-01189-LHK, 2011 WL 2293221, at *4 (N.D. Cal. June 8, 2011). Furthermore, Allied World would not suffer an irreparable injury if it were required to proceed in the Superior Court while its appeal is pending because the Superior Court is an adequate forum in which Allied World may defend against CSI's action. Cf. Countrywide, 2010 WL 1838656, at *3 ("Because the state and federal courts have concurrent jurisdiction to enforce any arbitration provisions [at issue] in the parties' contract, the Court finds there is no important legal interest at stake in its order to remand."). In any event, Allied World will have to defend against CSI's claims whether in this Court or the Superior Court. As such, Allied World has not shown that it will suffer irreparable harm absent a stay pending appeal.

### C.   Injury to Other Parties and Public Interest

Allied World argues that avoiding duplicative litigation and the risk of inconsistent rulings in state court and before the Ninth Circuit would benefit, rather than harm, CSI, and that staying the case will not injure CSI because CSI will be able to recover the costs of litigating the Underlying Action by filing another, subsequent claim against Allied World. Mot. at 7. Allied World adds that the public interest will be served by staying the remand because to do so would conserve judicial resources. Mot. at 7–8. CSI responds that, whether it could recover the costs of litigating the underlying action from Allied World in another suit, a stay would "plac[e] CSI in the precarious position of having to defend itself without the superior resources of the insurance company for whose protection CSI contracted." Opp. at 8. CSI further contends that the expeditious resolution of litigation is a more compelling public interest than conservation of judicial resources, especially in the context of insurance coverage disputes. Opp. at 9.

As noted above, there is no risk of duplicative litigation because CSI will have to prosecute—and Allied World will have to defend—this dispute whether in state or federal court. For that same reason, it is not clear that judicial resources would be conserved by a stay. And while Allied World is correct that CSI would be able to recover the costs of litigation in a separate suit against Allied World, CSI's defense in the Underlying Action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:21-CV-02542-CAS-JPRx | Date | July 19, 2021 |
|---|---|---|---|
| Title | CALIFORNIA SPECIALTY INSULATION, INC. v. ALLIED WORLD SURPLUS LINES INSURANCE COMPANY | | |

may be hamstrung if it cannot obtain the coverage for which it argues the Policy provides. While the cost of litigation is not *irreparable* injury, as noted above, it is nevertheless an injury to CSI.

In sum, Allied World has not demonstrated a probability of success on the merits. And while it is doubtful that Allied World has raised a serious legal question in its appeal, even if it has, it cannot be said that the balance of hardships "tips sharply" in its favor. See Golden Gate Rest. Ass'n, 512 F.3d at 1115–16. Accordingly, even evaluating Allied World's application pursuant to the "sliding scale" approach, Al Otro Lado, 952 F.3d at 1007, Allied World has not established it is entitled to a stay pending appeal.

### IV.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion to stay. However, in order to permit defendant to appeal this order, the remand order dated June 7, 2021, is hereby **STAYED** until August 18, 2021.

IT IS SO ORDERED.

|  | 00 : 10 |
|---|---|
| Initials of Preparer | CMJ |